HERMANN BOLTE, Appellant, v. AUGUST FICHTNER, as Executor, etc., of HERMAN SCHWANNECKE, Deceased, Respondent.

*Claims against a decedent's estate—employment as an attorney and, to sell real estate.*

On a reference of disputed claims against a decedent's estate, it appeared that the claimant, an attorney, had made a contract with the decedent to defend an action for him for a certain sum, a part to be paid in advance and the balance when the case was ended; that the claimant appeared in the cause, and the client thereafter died before the case came to trial; on the client's death the claimant wrote to his executor that if he wished the claimant to represent him in the action he must pay a retaining fee, but did not inform the executor of the contract made with the decedent; the executor did not pay the claimant a retainer, but employed another attorney, to whom the claimant transferred the papers in the case, and who thereafter tried the cause; after the trial, the claimant presented to the executor a claim for payment on his contract with the decedent.

The referee decided against the claim.

*Held,* that by not notifying the executor of the existence of the contract, and by allowing him to employ other counsel for the purpose of carrying on the litigation, the claimant had abandoned the contract, and, consequently, could not claim payment thereunder.

The same claimant presented another claim against the estate, based upon an agreement of the decedent to pay him a certain commission if he should procure a purchaser for certain real estate at a certain sum, for cash. It appeared that the claimant did not find a purchaser on those terms, but he introduced evidence to show that he procured a purchaser on other terms, which terms the decedent accepted but afterwards refused to carry out.

The referee found against this claim also.

*Held,* that the testimony failed to substantiate the assertion that the decedent accepted the new terms of sale, and, consequently, that the finding of the referee against the claimant was correct.

APPEAL by the plaintiff, Hermann Bolte, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 7th day of October, 1892, dismissing the plaintiff's claim, and from an order made at the New York Special Term, and entered in said clerk's office on the 27th day of September, 1892, confirming the report of the referee herein, and ordering judgment against the plaintiff, and from an order made at the said Special Term and entered on the 27th day of September, 1892, denying the plaintiff's motion for a new trial.

*S. H. Stuart,* for the appellant.

*J. A. Straley,* for the respondent.

VAN BRUNT, P. J.:

The plaintiff having presented to the defendant, as executor of Herman Schwannecke, deceased, his claim against the estate of said deceased for services rendered as attorney and counsel in a certain action brought against the deceased, and for a balance due for services rendered to him in and about the sale of a certain boarding house, such claim was disputed by the executor, and by consent was duly referred to a referee to hear and determine.

The referee found the employment of the plaintiff as the attorney and counsel of the deceased in said action and that the deceased agreed to pay the plaintiff for his services in said case $250; $50 in advance and $200 when the case was ended; which terms were accepted by the plaintiff, and he appeared as such attorney and counsel; that the testator died on the 5th of March, 1890, pending said action, and that in June, 1890, the plaintiff abandoned his contract and neglected to perform the same, and, therefore, was not entitled to recover.

As to the second claim the referee found that the testator had entered into an agreement whereby he agreed to pay the plaintiff ten per cent if he would sell the testator's place of business, 13 Oliver street, for $3,500 cash; that the plaintiff endeavored to find such a purchaser, but failed to do so, and the deceased died without the sale being made, and that no recovery should be had upon this cause of action.

The sole question presented upon this appeal is whether the referee's findings are supported by the testimony. The fact of the employment of the plaintiff as the attorney and counsel of the testator, as found by the referee, was established by the evidence, and the terms of the contract were also established, as stated by the referee.

It appeared from the evidence in the case that at the time of the testator's death the action in question had not been tried, and that on the 11th of June, 1890, the plaintiff wrote to the defendant, the executor of the deceased, as follows: " Dear Sir — I was retained and employed by the late Herman Schwannecke to defend the

above-entitled action. Mr. Chas. K. Lexow was attorney for the plaintiff, but I have quite recently received a notice of the substitution of Mr. Hiram Ketcham as plaintiff's attorney. I would be pleased to confer with you relative to the action and ask you to call and see me about it." On the 18th of June, 1890, the plaintiff wrote another letter to the defendant, as follows: " Dear Sir — In the action of *Gregory* v. *Schwannecke,* I have been served with a notice of motion for an order allowing this action to be continued against the executors of the defendant. The motion is to be heard in City Court, Special Term, June twentieth, at ten o'clock, A. M. The notice is addressed to me as attorney for defendant and the representatives or successors in interest of Herman Schwannecke, deceased. Now, if you wish me to represent you in this matter you must call at my office and pay me a retaining fee. I wrote to you a few days ago about the case, asking you to call on me, but thus far have not seen you. · The matter is important and you should attend to it at once."

Prior to the 19th of June, 1890, other attorneys were employed by the executor, who, upon that date, wrote the following letter to the plaintiff : " Dear Sir —Your letter of June 18, 1890, to Aug. Fichtner, has been handed us. We have been retained by him and will attend to the motion." On the 22d of October, 1890, the plaintiff transferred all the papers to the attorney selected by the executor. No intimation whatever was given to the executor of the contract with the testator, and although the plaintiff was present upon the trial of the action, it does not appear that he took any part therein.

We think that the referee was clearly right in holding that the plaintiff, not having notified the executor of the existence of this contract, and allowing him to employ other counsel for the purpose of carrying on the litigation, and thus having abandoned the contract, cannot now claim the sum which it is alleged was agreed to be paid.

In respect to the other cause of action, the evidence showed that the deceased was desirous of selling his business for cash, and asked the plaintiff to sell it for him for $3,500 cash, promising to give ten per cent of the amount if he would so sell it. The plaintiff never found such a customer, but if the testimony offered on his part is to

be credited, he produced a customer who was willing to pay $2,000 cash, and secure $2,000 by notes and a mortgage, which offer the deceased accepted, and then refused to carry out. But we think that a reading of the testimony introduced to establish this accepted offer, being that of Blum, the proposed customer, and of White, a tenant in the plaintiff's office, shows that it is utterly unreliable, and that no liability should be predicated thereon. Blum, in his testimony, places all the interviews with the deceased and plaintiff at Koster & Bial's saloon; there all the conversations are had, and nowhere else ; while White is equally positive that all these conversations took place in the plaintiff's office, and not at Koster & Bial's. To say the least of it, the testimony itself is suspicious upon its face ; and when we are confronted with this direct contradiction of these witnesses, it seems to us that it entirely discredits this testimony of the acceptance upon the part of the deceased, of this proposed customer upon terms so different from those which he was desirous of obtaining for his place of business which he was about to sell. There seems to be no reason, therefore, for disturbing the conclusion of the referee.

The judgment and orders appealed from, should, therefore, be affirmed, with costs.

O'Brien and Follett, JJ., concurred.

Judgment and orders affirmed, with costs.